14-2916-cv
*Ng v. Schram*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fifteen.

PRESENT:

> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BARNEY J. NG, AS THE SOLE TRUSTEE OF THE
BARNEY J. NG LIVING TRUST,

> *Plaintiff-Counter-Defendant-Appellant,*

> v.                                                                 No. 14-2916-cv

STEPHEN SCHRAM,

> *Defendant-Counter-Claimant-Appellee.*

_____

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:                    JOHN J. SHAEFFER, Fox Rothschild LLP,
                                                                  Los Angeles, CA.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE:                           HAROLD F. MCGUIRE, JR. (Daniel F.
                                                                  McGuire, *on the brief*), D.F. McGuire &
                                                                  Associates, LLC, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the District Court on July 31, 2014, is **AFFIRMED**.

Following the failure of a joint real estate venture in Wyoming, plaintiff Barney J. Ng, as the sole trustee of the Barney J. Ng Living Trust, sued defendant Stephen Schram for breach of contract. Ng alleged that Schram had failed to honor a personal guarantee included in an agreement related to the venture's end that was signed by Ng, Schram, and others (the "Separation Agreement"). He claimed damages of $5,000,000. Schram counterclaimed, asserting that he and Ng entered into an additional agreement establishing terms, since satisfied, under which Schram would be released from the guarantee (the "Release Agreement"). After a trial, the jury found in favor of Schram, awarding him nominal damages on his counterclaim based on its conclusion, as reflected in a special verdict, that he proved the existence of the Release Agreement and that the conditions for his discharge from the guarantee had been met.

Ng appeals from the denial of his post-verdict motion for judgment as a matter of law or, in the alternative, for a new trial. He argues that the parol evidence rule should have barred the jury from considering the Release Agreement when deciding Schram's obligations under the Separation Agreement. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's denial of a post-verdict motion for judgment as a matter of law, considering the evidence in the light most favorable to the non-moving party and giving that party the benefit of all reasonable inferences that the jury might have drawn in his favor. *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 226–27 (2d Cir. 2006). A movant's alternative request for a new trial is reviewed for abuse of discretion. *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014).

2

The core of Ng's argument is that the District Court misconstrued and misapplied the parol evidence rule. "The parol evidence rule is a substantive rule of law that prohibits the admission of evidence of prior or contemporaneous oral agreements, or prior written agreements, whose effect is to add to, vary, modify, or contradict the terms of a writing which the parties intend to be a final, complete, and exclusive statement of their agreement." 11 Williston on Contracts § 33:1 (4th ed. 1999). The rule "is premised upon the idea that when the parties have deliberately put their engagements into writing," the writing represents "the whole engagement of the parties," and to permit extrinsic evidence to "contradict what is written[] would be dangerous and unjust in the extreme." *Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1177 (2d Cir. 1995) (internal quotation marks omitted).

Wyoming law, which the parties agree applies to this dispute, generally embraces the parol evidence rule. It recognizes an exception to the rule, however, if the parol evidence at issue "is used to establish a separate and distinct contract," *Belden v. Thorkildsen*, 156 P.3d 320, 324 (Wyo. 2007), so long as the collateral contract does "not contradict, conflict with, or vary the express or implied provisions" of the primary contract, *Redland v. Redland*, 346 P.3d 857, 869 (Wyo. 2015) (internal quotation marks omitted). The parol evidence rule does not bar consideration of a collateral agreement merely because the latter agreement "relates to the same general subject matter and grows out of the same transaction" as the primary contract. *Belden*, 156 P.3d at 325 (internal quotation marks omitted).

Ng first argues that the parol evidence rule precluded the trial court from receiving evidence of the Release Agreement because the Release Agreement altered the consideration provision of the Separation Agreement. This argument is unavailing. The Release Agreement—the terms of which, Schram contends, are embodied in an email from Ng to Schram and others—states that Ng would "release Steve Schram's personal guarantee if the $1,820,000 in principal is paid down on [two particular building lots] within 2years [*sic*] of this agreement." J.A. 105. Under the Separation Agreement, "[i]n consideration of [Schram's] guaranty," the venture's lenders (which included Ng's trust) "agree[d] not to cause the Note or Second Note to be in default for any reasons whatsoever prior to March 1, 2008." J.A. 91. Schram provided a personal guarantee on the debt at issue in exchange

3

for the lenders' promise to refrain, for a certain time period, from declaring the notes in default. This arrangement is not contradicted or varied by a collateral agreement in which Schram consented to enter into the Separation Agreement (with its guarantee) in exchange for the lenders' promise to release him once payment was made for certain related building lots. Accordingly, Ng's first argument for applying the parol evidence rule fails.

Second, Ng insists that the Release Agreement is not covered by Wyoming's parol evidence exception because it is not "separate and distinct" from the Separation Agreement. This argument is seriously undermined by the observation that it was Ng himself, in the email setting out the terms of the Release Agreement, who suggested establishing the terms of Schram's release in a "*separate agreement*" that would not be incorporated into the parties' "universal agreement." J.A. 105 (emphasis added). Moreover, the parties to the Release Agreement are different than those to the Separation Agreement. This evidence supports a finding that Ng as well as Schram understood that the Release Agreement was and would remain "separate and distinct" from the Separation Agreement.

Even looking past the express language that Ng used in his written communication with Schram, the key question in the "separate and distinct" inquiry under Wyoming law is "whether the nature of the collateral agreement was such that, if the parties had agreed to it, they would naturally have made it the subject of a separate agreement." *Redland*, 346 P.3d at 869 (internal quotation marks omitted). Ng does not dispute that he and Schram sought to keep the Release Agreement separate from the Separation Agreement, because they believed that Richard Edgcomb, another investor in the real-estate project and a party to the Separation Agreement, would not agree to the Separation Agreement if he (Edgcomb) knew about the Release Agreement. Similarly situated parties would "naturally" have kept the Release Agreement and the Separation Agreement "separate and distinct."

In sum, the dispute between Ng and Schram concerns "whether there was a separate, shared intent" that Schram could be discharged from his guarantee under the Separation Agreement if certain conditions were met. *Belden*, 156 P.3d at 325. Under Wyoming law, evidence to that effect "is contemplated by the separate agreement exception to the parol evidence rule." *Id.* Accordingly, the District Court did not err in allowing the jury to

4

consider evidence regarding the Release Agreement and in denying Ng's motion for judgment as a matter of law or, in the alternative, for a new trial.

We have considered Ng's remaining arguments and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5